619 So.2d 387 (1993)
Emory D. LANIER and Rachel I. Lanier, His Wife, Appellants,
v.
William E. JONES and Rebecca J. Jones, His Wife; and Bennie H. Hudson and Viola E. Hudson, His Wife, Individuals, Appellees.
No. 91-476.
District Court of Appeal of Florida, Fifth District.
May 28, 1993.
Patti A. Christensen, Dobson & Christensen, P.A., St. Augustine, for appellants.
*388 Frank D. Upchurch, III and Katherine G. Jones, Upchurch, Bailey and Upchurch, P.A., St. Augustine, for appellees.

ON MOTION FOR REHEARING EN BANC
GOSHORN, Chief Judge.
A majority of this court has agreed to consider this case en banc. We withdraw the per curiam affirmance previously issued by the panel and issue in its stead the following opinion affirming the summary judgment of the trial court. All parties agree that the facts are not in dispute. The issue on appeal is whether the trial court correctly applied the law.
The appellants own the servient land over which an easement for ingress and egress was granted to the appellee adjacent landowners. The easement is 26 feet wide and runs from the southerly right-of-way line of Florida State Road 13 to the waters of the St. Johns River. In order to facilitate the use of their easement, the appellees built a dock extending into the river.
The appellants conceded below that the appellees' easement entitled the appellees to ingress to and egress from the waters of the St. Johns River. Further, the appellants did not dispute below that the owner of a riparian right may erect, subject to state and federal regulation, docks or other physical structures into the riparian waters under appropriate circumstances. See Freed v. Miami Beach Pier Corp., 93 Fla. 888, 112 So. 841 (1927). Instead, the appellants alleged in their amended complaint:
9. The dock was constructed in such a manner as to interfere with the riparian rights of Plaintiffs and their rights to unobstructed view, privacy and quiet enjoyment of their property.
10. As a direct and proximate result of the construction of said dock, Plaintiffs have been and will be damaged by the increased liability to their land, and by the substantial change of use and increased burden on the perpetual easement.
In determining the instant case, the trial court relied on Cartish v. Soper, 157 So.2d 150 (Fla. 2d DCA 1963). In Cartish, the owners of a riparian easement sought to construct a dock to facilitate their right of ingress to and egress from the waters of Boca Ciega Bay in St. Petersburg. The Second District Court of Appeal held:
[I]t is clear that such riparian rights necessary and incidental to access and egress from the Bay were implicit in the reservation of the Parkway. Just as accreted land would necessarily be burdened by the easement as a necessary implication of the reservation, so too the right to build a dock to facilitate access to the waters is implied.
Accordingly, insofar as riparian rights are necessary to or consistent with the purposes of the easement, they are impliedly granted to appellees and, as a corollary, reserved from the appellant fee owners. Cf. Feig v. Graves, supra [100 So.2d 192]; City of Tarpon Springs v. Smith, 1921, 81 Fla. 479, 88 So. 613; Geigor v. Filor, 1859, 8 Fla. 325.
Id. at 153-54. Cartish is consistent with well established law that a dominant estate easement owner is entitled to prepare, improve, maintain, or repair the easement in order to facilitate its use. See 20 Fla.Jur. 2d, Easements § 35 (1980).
In the instant case, the trial court found that despite the construction of the dock, the appellants continued to enjoy the benefits of the easement which they shared with the appellees as well as the riparian rights of their fee ownership of contiguous property. This finding is well supported by the admission that the appellants enjoy their own private dock located within 100 feet of the appellees' dock and that the appellants' dock extends into the river further than the disputed dock. The undisputed evidence further shows that the property owner on the other side of the appellees' easement had also constructed a dock to facilitate the use of that owner's riparian rights. Accordingly, the evidence supports the trial court's finding that the appellees needed a dock to facilitate use of their easement. Thus, under Cartish, the trial *389 court properly held that the appellants could not deny the appellees the use and enjoyment of their easement in this case.
AFFIRMED.
COBB, HARRIS, PETERSON, GRIFFIN, DIAMANTIS and THOMPSON, JJ., concur.
DAUKSCH, J., dissents with opinion in which W. SHARP, J., concurs.
DAUKSCH, Judge, dissenting.
I respectfully dissent for the reasons stated in my dissent to the original panel decision.
W. SHARP, J., concurs.