ANTOON, Judge.
Martin and Linda Parlato brought an action for declaratory relief seeking to prevent Secret Oaks Owners Association’s (SOOA) proposed construction of a dock on its easement on the Parlatos’ property. We affirm the trial court’s order denying declaratory relief because the trial court properly concluded that the proposed construction of the dock was consistent with the terms of the easement as well as the terms of an agreement between the Parlatos and SOOA.
In March of 1987, the developer filed a plat with St. Johns County for the Secret Oaks subdivision. The plat dedicated a twenty-feet wide drainage easement to St. Johns County. The easement ran along the south, end of Lot 10. In May of 1987, the developer recorded an easement on Lot 10. This easement granted all lot owners in the subdivision the right of pedestrian access to the St. John’s River and
any dock now or hereafter located thereon and for the use and enjoyment of any such dock and any other improvements now or hereafter constructed within said easement by the Developer or by the owners.... Other than any improvements constructed within said easement by the Developer, no improvements shall be constructed within said easement area for the common use of the benefited owners unless and until a majority of the owners ... have consented to such improvements, in writing. The owners of said Lots 10 and 11 shall not construct within said easement area any improvement of any kind without the prior written consent of the majority of such owners. (Emphasis added)
At the time the developer recorded the easement, a dock, referred to by the parties as the “main dock,” already existed on Lot 10. The developer also constructed a “crossover dock,” connecting the easement to the main dock.
After the recording of the easement and the construction of the crossover dock, the Parlatos began negotiating with the developer for the purchase of Lot 10. A purchase deposit was made but when the developer became aware that the Parlatos intended to preclude lot owners from having access to the main dock, he returned the deposit. Several months later, the Parlatos again approached the developer and represented that they would be “good neighbors” if they were permitted to purchase the lot. The Parlatos contracted to purchase the lot and paid the developer to negotiate an arrangement with the other lot owners to clarify the nature of the pedestrian easement and to develop regulations concerning the use of and access to the main dock.
Apparently, in an effort to define the rights and obligations concerning the easement and the “main dock,” the developer and the subdivision’s lot owners executed the Secret Oaks Subdivision Owners’ Agreement in March of 1991. The agreement set forth extensive provisions pertaining to the use and expansion of the “main dock,” thereby creating river access for the lot owners. The stated purpose of the agreement was “to commemorate, in writing, all of the enforceable understandings between the parties as regards the matters that are the subject of the express terms of this contract.” The agreement stated that “through a series of negotiations, all of the Owners including the Developer, have reached a common accord in order to resolve their disputes and misunderstandings and reach a mutually binding agreement as to the use of the dock.” The agreement explained that, among other things, all lot owners would have access to the main dock, the Association would be responsible for its maintenance and repair, the Association would provide insurance for the dock, the Association could install benches and access steps to the water and that any other improvements to the dock would have to be approved by the Association. Importantly, all of the terms of the agreement specifically pertained to the main dock.
Peace was short-lived. Conflict between the parties erupted, and in April of 1994, the trial court entered a Declaratory Judgment *322 which essentially established the rights of the parties in relation to the easement and the main dock. The trial court first ruled that the rights of the parties were controlled by the terms of “The Secret Oaks Subdivision Owners Agreement.” The trial court further ruled that the Parlatos were enjoined from interfering with the Secret Oaks Owners Association’s use of the easement to enter upon the main dock and the Secret Oaks Owners Association had the right to construct an auxiliary dock which would connect the main dock to the easement.
Nineteen months later, the Parlatos filed a Petition for Supplemental Relief based on the trial court’s Declaratory Judgment. In the petition, the Parlatos explained that the Secret Oaks Owners Association had submitted an application to the Department of Environmental Protection for a permit to construct a new dock, not related to the main dock or the auxiliary dock, extending into the St. John’s River from the easement. The Parlatos asserted that the Secret Oaks Owners’ Association did not have the authority to build such •a dock because such construction would violate the terms of the Secret Oaks Subdivision Owners’ Agreement as well as the trial court’s previously entered declaratory judgment.
The trial court entered an order denying the Parlatos’ claim for relief, finding that (1) the proposed dock was a new dock, not an addition or modification of the main dock; and (2) the construction of a new dock was not addressed in the Secret Oaks Subdivision Owners Association’s Agreement, and therefore, did not violate its terms. The Parlatos now appeal this ruling.
Neither the original declaration of easement nor the Secret Oaks Subdivision Owners Agreément precludes the construction of a new dock. In this regard, the very terms of the declaration of easement refer to docks “hereafter located” on the easement. Moreover, even without the reference to a dock to be built in the future, SOOA, as the dominant estate easement owner, is entitled to prepare, improve, maintain, or repair an easement to facilitate its use. Lanier v. Jones, 619 So.2d 387 (Fla. 5th DCA 1993). The stated use in the declaration of this easement was for lot owners to have pedestrian access to the river. Furthermore, as pointed out by the trial court, the agreement does not address the possibility of constructing a new dock. While the agreement clearly provides the rights and responsibilities with regard to the main dock, there is nothing in the agreement precluding the construction of a new dock out from the easement. Accordingly, we affirm.
AFFIRMED.
PETERSON, C. J., and THOMPSON, J., concur.